**GARY J. VALERIANO (Bar No. 89644)**
**gjv@amclaw.com**
**MARK J. KRONE (Bar No. 219806)**
**mk@amclaw.com**
**ANDERSON, McPHARLIN & CONNERS LLP**
**Thirty-First Floor**
**444 South Flower Street**
**Los Angeles, California 90071-2901**
**TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594**

**Attorneys for Plaintiff,**
**HARTFORD FIRE INSURANCE COMPANY**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; EARTHLINK, INC., a Delaware Corporation

Plaintiff,

vs.

SAMANTHA KIRKEWOOD aka SAMI KIRKEWOOD, GARY HOSKINS, ANTHONY MICHAEL ERVIN, AARON TERRY, AND GINO COLCHICO, AND DOES 1 through 10, inclusive,

Defendants.

Case No. CV07-00566 SJO (EX)

**NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFFS' APPLICATIONS FOR ENTRY OF DEFAULT JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the ORDER GRANTING PLAINTIFFS' APPLICATIONS FOR ENTRY OF DEFAULT JUDGMENT has been filed and entered by the court. Attached to this Notice is a true and correct copy of the ORDER which was filed and entered by the court on June 5, 2008.

DATED: June 6, 2008

ANDERSON, McPHARLIN & CONNERS LLP

By: __________________________________

Gary J. Valeriano
Mark J. Krone
Attorneys for Plaintiff HARTFORD FIRE INSURANCE COMPANY

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HARTFORD FIRE INSURANCE COMPANY, et al.,

Plaintiffs,

v.

SAMANTHA KIRKEWOOD, et al.,

Defendants.

NO. CV 07-00566 SJO (Ex)

**ORDER GRANTING PLAINTIFFS' APPLICATIONS FOR ENTRY OF DEFAULT JUDGMENT**
[Docket Nos. 11 & 27]

This matter is before the Court on Plaintiffs Hartford Fire Insurance Company ("Hartford") and Earthlink, Inc.'s Application for Entry of Default Judgment Against Defendant Kirkewood, filed November 14, 2007, and Plaintiffs' Application for Entry of Default Judgment Against Defendant Ervin, filed December 18, 2007. Defendants Samantha Kirkewood and Anthony Michael Ervin did not file an Opposition and have not made an appearance in this case. The Court found this matter suitable for disposition without oral argument and vacated the hearings set for January 14, 2008. *See* Fed. R. Civ. P. 78(b). Because Plaintiffs have met the procedural requirements for default judgment and the *Eitel* factors favor entry of default judgment, Plaintiffs' Applications are GRANTED.

Further, three co-conspirators – Gary Hoskins, Aaron Terry, and Gina Colchico – are named in the Complaint, but Earthlink and Hartford have not served them with the Summons and

Case 2:07-cv-00566-SJO-E Document 36 Filed 06/05/2008 Page 2 of 7

Complaint. Because the deadline for filing a proof of service as to these defendants has long passed, *see* Fed. R. Civ. P. 4(m), Hoskins, Terry, and Colchico are DISMISSED.

## I. BACKGROUND

Kirkewood worked for Earthlink as a financial analyst. Through her position, Kirkewood conspired with Ervin and others to embezzle money from Earthlink by writing checks to Ervin and others for work that was not performed. Earthlink discovered that Kirkewood and her co-conspirators embezzled nearly $700,000. Hartford, Earthlink's insurance provider, reimbursed Earthlink for just over $200,000 in losses.

Earthlink and Hartford then brought suit against Kirkewood, Ervin, and three other conspirators. Plaintiffs served Kirkewood and Ervin with the Summons and Complaint on March 14, 2007 and August 1, 2007, respectively. (Docket Nos. 4 & 7.) Kirkewood and Ervin have failed to answer or otherwise appear in this action. Upon Plaintiffs' request, the Clerk of the Court entered default as to Kirkewood on May 1, 2007 and as to Ervin on October 15, 2007. (Docket Nos. 6 & 9.)

Plaintiffs' Applications request that the Court enter default judgment against Kirkewood and Ervin for (1) damages in the amount of $709,486.15; and (2) costs of suit in the amount of $975.98.

## II. DISCUSSION

To obtain default judgment against a defendant, a plaintiff must: (1) satisfy the procedural requirements of Federal Rule of Civil Procedure 55(a); and (2) show that the substantive factors outlined in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), favor using the court's discretion to enter default judgment.

### A. Plaintiffs Have Satisfied the Procedural Requirements for Default Judgment.

Receiving entry of default judgment is a two-step process. First, a plaintiff must establish default by affidavit or otherwise, and the clerk will enter the defendant's default. Fed. R. Civ. P. 55(a). Second, the plaintiff must request entry of default judgment. If the plaintiff's claim is for an amount that is not certain and is incapable of being made certain by computation, then the plaintiff

Case 2:07-cv-00566-SJO-E Document 36 Filed 06/03/2008 Page 3 of 7

must seek default judgment from the court. Fed. R. Civ. P. 55(b)(2). The plaintiff's motion for default judgment must include a declaration that shows the following:

(1) when and against what party the default was entered;

(2) which pleading to which default was entered;

(3) the defaulting party is not an infant or incompetent person;

(4) that the defaulting party is not in military service such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and

(5) that notice has been served on the defaulting party, if the defaulting party had appeared in the action or if the damages sought are unliquidated.

Fed. R. Civ. P. 55(b)(2); L.R. 55-2.

Plaintiffs have satisfied these procedural requirements. First, Plaintiffs sought and received entry of default against Kirkewood and Ervin from the clerk. Second, Plaintiffs have moved for entry of default judgment, providing through its Applications that:

(1) default was entered against Kirkewood on May 1, 2007 and Ervin on October 15, 2007;

(2) default was entered for failure to respond to the Complaint;

(3) neither Kirkewood nor Ervin is an infant or incompetent person;

(4) searching the Defense Manpower Data Center's database of persons subject to the Civil Relief Act revealed no evidence that Kirkewood or Ervin is serving in the military; and

(5) Plaintiffs served notice of the Applications and their supporting papers on both Kirkewood and Ervin.

(Krone Decl. ¶¶ 2-5; Proof of Service.)[1]

---

[1] Although Plaintiffs have filed separate Applications as to Kirkewood and Ervin, the two Applications – and the supporting documents for each – are nearly identical in content, with only the name of the defendant changed. Accordingly, the Court only cites one Application.

Case 2:07-cv-00566-SJO-E Document 36 Filed 06/03/2008 Page 4 of 7

B. The *Eitel* Factors Favor Entry of Default Judgment.

The district court's decision to grant or deny a default judgment is discretionary in nature. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court may consider a variety of factors, including:

(1) the substantive merit of the plaintiff's claims;

(2) the sufficiency of the complaint;

(3) the amount of money at stake;

(4) the possibility of prejudice to the plaintiff if relief is denied;

(5) the possibility of disputes to any material facts in the case;

(6) whether default resulted from excusable neglect; and

(7) the public policy favoring resolution of cases on the merits.

*Eitel*, 782 F.2d at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). As set forth below, each of the *Eitel* factors weighs in favor of granting default judgment.

1. Plaintiffs' Complaint States a Strong Claim for Relief.

The first two *Eitel* factors require that the allegations in Plaintiffs' Complaint state sufficient claims for relief. *PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); Plaintiffs bring claims against Kirkewood and Ervin for fraud and conversion. To prevail on their claim for fraud, Plaintiffs must demonstrate: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004). To prevail on their claim for conversion, Plaintiffs must prove that Kirkewood and Ervin "actual interfere[d] with [Plaintiffs'] ownership" of some property. *See Moore v. Regents of Univ. of Cal.*, 793 P.2d 479, 488 (Cal. 1990).

Here, the Complaint alleges: (1) Kirkewood worked for Earthlink as a financial analyst; (2) Kirkewood intentionally used her position to forge Earthlink checks payable to Ervin and others in the amount of $692,037.15; (3) Earthlink reasonably relied on Kirkewood's representation that these payments were for services benefitting Earthlink; (4) the recipients of the forged checks provided no services for Earthlink and knew they were not entitled to the payment by Earthlink;

(5) Earthlink spent $17,449 investigating Kirkewood and Ervin's actions; (6) Hartford provided Earthlink with insurance against employee theft; and (7) Hartford reimbursed Earthlink for $202,037.15 of Earthlink's loss. (Compl. ¶¶ 10-20).

These allegations sufficiently plead claims for fraud and conversion. *See Robinson*, 102 P.3d at 274; *Moore*, 793 P.2d at 488. Furthermore, Plaintiffs' allegation that Kirkewood, Ervin, and others, conspired to embezzle funds from Earthlink (Compl. ¶ 28) renders Ervin jointly and severally liable for all funds embezzled.

2. Plaintiffs' Request for Monetary Judgment Is Reasonable.

The third *Eitel* factor – the amount of money at stake – also weighs in Plaintiffs' favor. Here, Plaintiffs are requesting the damages solely in an amount corroborated by documentary evidence. Plaintiffs are entitled to $692,037.15 in damages from the forged checks and $17,449.00 in damages from the costs of investigating Kirkewood and Ervin's actions. In addition, Plaintiffs are entitled to $975.98 in costs (Krone Decl. ¶ 6), including the filing fee and the cost of service of process on Kirkewood and Ervin. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.").

3. Plaintiffs Will Suffer Great Prejudice If Relief Is Denied.

Another factor for the Court to consider when deciding whether to grant default judgment is whether there is a significant possibility of prejudice to the plaintiffs if default judgment is not entered. In this case, Plaintiffs would be denied the right to judicial resolution of their claims and would be without other recourse for recovery. *See Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

4. The Possibility of Disputes Concerning Material Facts Is Small.

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in this case. In addition to the Complaint, which alleges the elements necessary to prevail on Plaintiffs' cause of action, Plaintiffs provide documentary evidence that both Kirkewood and Ervin have pled guilty to criminal charges stemming from the alleged conduct. (*See* Request for Judicial Notice Exs. 2 (Kirkewood guilty plea), 3 (Kirkewood sentence), 5 (Ervin guilty plea), 6 (Ervin sentence).)

5. Default Likely Did Not Result from Excusable Neglect.

There is little possibility here that Kirkewood's default and Ervin's default resulted from excusable neglect. Plaintiffs have made every effort to notify Kirkewood and Ervin of the claims against them and of Plaintiffs' intent to pursue a default judgment. Kirkewood was properly served with the Summons and Complaint by personal service on March 14, 2007, and she was notified that the clerk entered default against her on May 1, 2007. Ervin was properly served with the Summons and Complaint by personal service on August 1, 2007, and she was notified that the clerk entered default against her on October 15, 2007. Kirkewood and Ervin have nonetheless failed to appear or defend themselves in this action. Thus, this factor weighs in favor of default judgment.

6. Public Policy Warrants the Entry of Default Judgment.

Although public policy favors the resolution of a case on its merits, "this preference, standing alone, is not dispositive." *See Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Kirkewood and Ervin's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. In a broader sense, imposing default judgment in cases that defendants fail to appear provides incentive for other defendants to resolve their cases on its merits. Thus, this factor favors default judgment.

For all of the foregoing reasons, each of the *Eitel* factors favors the entry of default judgment against Kirkewood and Ervin in this case. Plaintiffs' requests for damages and costs are GRANTED.

III. RULING

Because Plaintiffs have met the procedural requirements, the *Eitel* factors favor entry of default judgment, and Plaintiffs' requests for damages are reasonable, the Court GRANTS Plaintiffs' Applications for Entry of Default Judgment Against Kirkewood and Ervin in the amount of $710,462.13. Kirkewood and Ervin are jointly and severally liable for $709,836.15 (damages plus the cost of filing the Complaint). Kirkewood is individually liable for $87.98 (the cost of executing service on Kirkewood) and Ervin is individually liable for $538.00 (the cost of executing service on Ervin).

Case 2:07-cv-00566-SJO-E Document 36 Filed 06/05/2008 Page 7 of 7

Further, Defendants Hoskins, Terry, and Colchico – who have not been served with the Summons and Complaint – are DISMISSED.

IT IS SO ORDERED.

Dated this 5th day of June, 2008. /S/ S. James Otero

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Thirty-First Floor, 444 South Flower Street, Los Angeles, California 90071-2901.

On **June 6, 2008**, I served the document described as **NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFFS' APPLICATIONS FOR ENTRY OF DEFAULT JUDGMENT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Sami Kirkewood / Register No. 43814-112<br>FCI Victorville Medium II<br>Federal Correctional Institution<br>P. O. Box 5700<br>Adelanto, CA 92301 | Defendant in Pro Per |
| Anthony Michael Ervin / Register No. 44352-112<br>MDC Los Angeles<br>Metropolitan Detention Center<br>P.O. Box 1500<br>Los Angeles, CA 90053 | Defendant in Pro Per |

**BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on **June 6, 2008**, at Los Angeles, California.

LISA GREENE